UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROXANN ROOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17 CV 2232 RWS |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Deputy Commissioner for | ) |
| Operations, Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | |

# **MEMORANDUM AND ORDER**

Plaintiff Roxann Rook brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's decision denying her application for disability insurance benefits and disabled widow benefits. Because the Commissioner's decision is supported by substantial evidence on the record as a whole, I will affirm the Commissioner's decision.

## *BACKGROUND*

Plaintiff Roxann Rook filed an application for disability insurance benefits with a protective filing date of January 14, 2014, and an application for disabled widow's benefits with a protective filing date of January 16, 2014, pursuant to Title II, 42 U.S.C. §§ 401 *et seq*. (Tr. 91-92). Both applications alleged that her

disability began on August 30, 2013.  Rook's applications were denied on initial consideration.  (Tr. 95-105).  She requested a hearing before an Administrative Law Judge (ALJ).  Rook, accompanied by counsel, attended the hearing on January 22, 2016.  (Tr. 34).  On April 22, 2016, the ALJ issued a decision denying Rook's application concluding that Rook was not under a disability.  (Tr. 21-29).  On June 9, 2017, the Appeals Council denied Rook's request for review.  (Tr. 1-6).  Rook asserts that she is disabled due to osteoarthritis pain in her hands, back, hips, and knees.

Rook filed the present appeal for judicial review, seeking remand to the ALJ because: 1) the ALJ's determination of Rook's residual functional capacity was not supported by the medical evidence of record; 2) the ALJ did not properly weigh Rook's testimony at the hearing; and 3) the ALJ failed to weigh a report submitted by Rook's former employer.

*Administrative Record*

For evidentiary purposes, I have considered Rook's Statement of Uncontroverted Material Facts (Doc. 12) and the Commissioner's Statement of Additional Material Facts (Doc. 17).  Both parties admit these facts with clarifications.

*ALJ Decision*

The ALJ found that Rook met the insured-status requirements of the Social Security Act through December 31, 2018. (Tr. 23). He found that Rook had not engaged in substantial gainful activity from her alleged onset date of June 30, 2013. (*Id.* at 24). He also found that Rook suffers from the following severe impairments: "osteoarthritis and degenerative disc disease." (*Id.*). The ALJ found that this combination of severe impairments did not equate to one of the listings denominated in 20 CFR 404, Subpt. P, App. 1. (*Id.* at 25).

After evaluating Rooks's claims, the medical opinion evidence, and the medical evidence of record, the ALJ determined that Rook retained the residual functioning capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except she can occasionally kneel, crouch, crawl, stoop, and climb ladders and scaffolds; she can frequently balance and climb ramps and stairs; and, she can have occasional exposure to unprotected heights, moving mechanical parts, and vibration.

(*Id.*).

Based on this RFC determination, the ALJ found that Rook was able to perform her past relevant work as a cashier and clerk typist and that there were other jobs in the national economy that she is also able to perform. (Tr. 27). The ALJ consulted a vocational expert (VE) to assess whether jobs within Rook's RFC existed in significant numbers in the national economy. (Tr. 28). The VE

identified the jobs of general office clerk and data entry clerk. The VE identified 5,400 general office clerk jobs and 4,000 data entry clerk jobs in the State of Missouri. (*Id.*). The ALJ therefore determined that Rook was not disabled within the meaning of the Social Security Act. (*Id.*).

## *LEGAL STANDARD*

To be eligible for disability insurance benefits under the Social Security Act, Rook must prove that she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual will be declared disabled "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The Commissioner begins by deciding whether the

claimant is engaged in substantial gainful activity.  If the claimant is working, disability benefits are denied.  Next, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments, meaning that which significantly limits her ability to do basic work activities.  If the claimant's impairment(s) is not severe, then she is not disabled.  The Commissioner then determines whether claimant's impairment(s) meets or equals one of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  If claimant's impairment(s) is equivalent to one of the listed impairments, she is conclusively disabled.  At the fourth step, the Commissioner establishes whether the claimant can perform her past relevant work.  If so, the claimant is not disabled.  Finally, the Commissioner evaluates various factors to determine whether the claimant is capable of performing any other work in the economy.  If not, the claimant is declared disabled and becomes entitled to disability benefits.

I must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole.  42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).  Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion.  *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001).  Determining whether there is substantial evidence requires scrutinizing analysis.  *Coleman v. Astrue*, 498 F.3d 767, 770 (8th

Cir. 2007).

I must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, I must affirm the Commissioner's decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). I may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *McNamara*, 590 F.3d at 610.

When evaluating evidence of pain or other subjective complaints, the ALJ should not ignore the subjective testimony of the claimant, even if it is uncorroborated by objective medical evidence. *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984). The ALJ may, however, disbelieve a claimant's subjective complaints when they are inconsistent with the record as a whole. *See e.g., Battles v. Sullivan*, 902 F.2d 657, 660 (8th Cir. 1990). In considering the subjective complaints, the ALJ is required to consider the factors set out by *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which include:

> [The] claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions.

*Id.* at 1322. When an ALJ explicitly finds that the claimant's testimony is not credible and gives good reasons for the findings, the court will usually defer to the ALJ's finding. *Casey v. Astrue*, 503 F.3d 687, 696 (8th Cir. 2007). However, the ALJ retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding. *Hildebrand v. Barnhart*, 302 F.3d 836, 838 (8th Cir. 2002).

### ANALYSIS

*A. The ALJ's determination of Rook's RFC was supported by the medical evidence of record.*

The ALJ reviewed Rook's medical records which revealed that she had osteoarthritis in her hands, osteoarthritis in her right knee, minimal degenerative joint disease in her left knee, probable early degenerative changes in her hips, and disc spacing in her back. (Tr. 26-27)

In reviewing the medical records the ALJ noted that Rook's symptoms have been treated conservatively mostly with medication to manage her inflammation and pain.[1] (Tr. 26) He noted that Rook's symptoms improved with treatment. (*Id.*) He also noted that Rook reported to her doctors in September 2014 and

---

[1] The ALJ notes that despite Rook's osteoarthritis she has not been referred for specialized treatment. (Tr. 26) This is not accurate. Rook was referred to and seen by a rheumatologist Hamid Bashir, M.D. on May 27, 2014, who noted that she had a normal range of motion in all her joints. (Tr. 297) He prescribed a short course of prednisone and noted that Rook would be referred to physical therapy "afterwards." (*Id.*) In a second examination on December 24, 2015, Dr. Bashir again noted a normal range of motion in all joints. Dr. Bashir advised Rook to continue taking Celebrex (which she had already been prescribed) which reduces the inflammation and pain caused by arthritis. (Tr. 292) He also noted that "For any worsening, local steroid [injection], [physical therapy] are options." (*Id.*)

January and July 2015 that the joint pain in her hands and knees only moderately limited her activities. (*Id.*, Tr. 328, 334, and 339) I note that in another medical examination on June 11, 2014, the record notes that the frequency of Rook's chronic joint pain episodes "is decreasing" and only moderately limits Rook's activities. (Tr. 344)

The ALJ's determination also relied on the consultative examination of Rook by Barry Burchett, M.D. on April 16, 2014, who diagnosed Rook with low back pain and osteoarthritis of the hands and knees. Dr. Burchett summarized that:

> [Rook had a] full range of motion in the spine. There is no evidence of compressive neuropathy in lower extremities. No spasm or tenderness at the back
>
> There is mild to moderate generalized swelling at the right knee. There is limitation of passive flection of the right knee. Squatting is significantly limited because of right knee pain. She walks without a limp.
>
> There are also some deformities of the hands including some mild angulation with Heberden's nodes at the little fingers as well as moderate swelling in the PIP joints of both middle fingers. Grip strength is grade 4/5 bilaterally with good effort. She is able to pick up a coin with the use of hand.

(Tr. 285)

Dr. Burchett also noted that Rook did not have swelling, atrophy, redness, warmth or tenderness in her hands. (Tr. 281) Rook could fully extend both hands, make a fist with both hands, all fingers could oppose, and the range of motion of the joints in the fingers of both hands was normal. She is able to write. (*Id.*) The

8

ALJ gave great weight to the opinions of Dr. Burchett's examination because the ALJ felt that they were consistent with the limited treatment record of Rook's other medical providers. (Tr. 27)

There is substantial evidence in the record that indicates that Rook's osteoarthritis pain has been effectively treated with medication and that her symptoms only moderately limit her activities. As a result, the ALJ permissibly determined that Rook is not disabled. *See Wildman v. Astrue*, 596 F.3d 959, 965 (8th Cir.2010) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.").

The ALJ acknowledged that Rook's medical impairments could cause her symptoms and the she may have some joint pain despite taking her medications. However, substantial evidence supports the ALJ's conclusion that Rook's pain was not disabling. The ALJ discounted Rook's hearing testimony regarding the intensity, persistence, and limiting effects of her symptoms because they were not "entirely consistent" with the medical record.

Rook asserts that the ALJ should have considered a questionnaire filled out by Rook's former employer regarding the limitations Rook experienced at work. (Tr. 263) The information in the questionnaire noted similar physical limitations that Rook provided at her hearing. Because the same substantial medical evidence the ALJ used to discount Rook's description of her symptoms would serve to

discount the information provided in the questionnaire, the ALJ's failure to mention the questionnaire in his decision does not merit remand for its consideration. *Buckner v. Astrue*, 646 F.3d 549, 559 (8th Cir. 2011).

Finally, I find that the ALJ's determination of Rook's RFC is supported by the medical evidence in the record and identified by the ALJ in his decision.

Accordingly,

**IT IS HEREBY ORDERED** that the final decision of the Commissioner of Social Security is affirmed.

An appropriate Judgement will be entered on this date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of March, 2019.